Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3586 | **DATE** | September 15, 2010 |
| **CASE TITLE** | JP MORGAN CHASE BANK, N.A. v. SNOWER, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to remand [6] is granted. This action is remanded to the Circuit Court of Lake County, Illinois. Status hearing set for 10/12/2010 is stricken.

## STATEMENT

     Plaintiff filed a Complaint to Foreclose Mortgage alleging that Defendants are in default. On June 4, 2010 the case was removed to this court pursuant to 28 § U.S.C. 1332. Plaintiff's complaint includes Defendant Snower ("Defendant") as well as "Unknown Owners and Non-Record Claimants." Because the citizenship of "Unknown Owners and Non-Record Claimants" cannot be ascertained, Plaintiff argues that I do not have jurisdiction over this action and asks that I remand this action back to the Circuit Court of Lake County, Illinois.

     Pursuant to 28 U.S.C. § 1332(a)(1), federal jurisdiction is proper when a matter is between citizens of different states and the amount in controversy exceeds $75,000.00. The Defendant notes a split of authority within this court regarding the impact of "unknown owners" or "non-record claimants" in mortgage foreclosure actions. In *John Hancock Mut. Life Ins. Co. v. Cent. Nat'l Bank in Chi.*, 555 F.Supp. 1026 (N.D. Ill. 1983), Judge Shadur held that joinder of unidentified parties, such as "unknown owners" or "non-record claimants," in a mortgage foreclosure action defeats federal diversity jurisdiction because the citizenship of such parties is unknown. Later that year, however, in *John Hancock Realty Dev. Corp. v. Harte*, 568 F.Supp 515 (N.D. Ill. 1983), this court found that though "unknown owners" and "non-record claimants" were named as defendants, they were "nominal parties with no substantial interest in the controversy" and accordingly did not defeat federal jurisdiction.

     Defendant argues that Plaintiff's motion relies upon "speculation, conjecture, and potentialities" regarding the existence of the unknown Defendants. Accordingly, Defendant asks that I find the unknown Defendants nominal, and not consider them in determining the diversity of the substantial parties. Plaintiff has not filed or produced a 2-423 affidavit[1] and Defendant asks that I order Plaintiff to produce such an affidavit, or in the alternative, deny Plaintiff's motion. Though Defendant is correct that Plaintiff has not

complied with 735 IL. COMP. STAT. 5/2-413, this lack of compliance does not impact my jurisdictional analysis.

*Harte* has been criticized by other Judges within this district. In *Home Savings of Am., F.A. v. Am. Nat'l Bank and Trust Co. of Chi.*, 762 F.Supp. 240 (N.D. Ill. 1991), Judge Norgle explained that the flaw in *Harte* rests in the conclusion that "[a]ny interest in the property held by an unknown owner or non-record claimant cannot be held to be real and substantial until such individual is known to exist and comes forward to make a claim." *Harte*, 568 F.Supp. at 516. Judge Norgle reasoned that "non-record claimants may enjoy substantive rights in a piece of mortgaged real estate, regardless of whether they are known or come forward. [internal citation omitted]. To consider these claimants as merely 'nominal' wholly fails to recognize the interest these third parties may have in mortgaged property." *Am. Nat'l Bank*, 762 F.Supp. at 243. Moreover, Judge Norgle found that unknown owners and non-record claimants are "real and substantial parties to a foreclosure action." *Id*. The *Harte* ruling was also discussed in *Bancboston Mortgage Corp. v. Pieroni*, 765 F.Supp. 429 (N.D. Ill. 1991), where Judge Shadur declined to follow *Harte* and instead continued to apply the analysis he articulated in *Cent. Nat'l Bank in Chi.*

I am persuaded by the rationale articulated by Judges Norgle and Shadur. The present action includes as defendants "Unknown Owners and Non-Record Claimants" in a foreclosure action. As discussed by Judge Norgle, they are "real and substantial" parties to this action. Because the residency of the unknown owners and non-record claimants cannot be ascertained, it is impossible to determine whether there is diversity of citizenship. Accordingly, this court lacks jurisdiction over this action.

For the foregoing reasons, this action is remanded to the Circuit Court of Lake County, Illinois.

---

1. 735 IL. COMP. STAT. 5/2-413 requires the affiant to provide an unknown owners affidavit, stating under oath that there are unknown owners and that he or she has conducted due diligence to find them.